# EXHIBIT 1



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 29468525**
**Date Processed: 07/10/2024**

| | |
|---|---|
| **Primary Contact:** | Christine DiDomizio<br>Jaguar Land Rover North America, LLC<br>100 Jaguar Land Rover Way<br>Mahwah, NJ 07495-1100 |
| **Electronic copy provided to:** | Ricardo Tapia<br>Ramsey Ong<br>Nadira Kirkland<br>Patricia Bradley<br>Agnes Wegiel<br>Timothy Fleming |
| **Entity:** | Jaguar Land Rover North America, LLC<br>Entity ID Number 3279821 |
| **Entity Served:** | Jaguar Land Rover North America, LLC |
| **Title of Action:** | Marjorie Radley vs. Jaguar Land Rover North America, LLC |
| **Matter Name/ID:** | Marjorie Radley vs. Jaguar Land Rover North America, LLC (15965205) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Breach of Warranty |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 24STCV16906 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/10/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | The Bravo Law Firm, Apc<br>424-262-1000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARJORIE RADLEY, an individual

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/09/2024 8:35 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: **LOS ANGELES SUPERIOR COURT**
*(El nombre y dirección de la corte es):* 111 N. HILL STREET
LOS ANGELES, CA 90012

CASE NUMBER: *(Número del Caso):*
**24STCV16906**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nicholas A. Bravo, Esq., THE BRAVO LAW FIRM, APC 1050 W. Alameda Ave., Ste 499, Burbank, CA 91506, T: 424-262-1000

DATE: **07/09/2024**
*(Fecha)*

David W. Slayton, Executive Officer/Clerk of Court
Clerk, by **Y. Ayala**, Deputy
*(Secretario)*     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware limited liability company
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* limited liability company
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [ Print this form ]   [ Save this form ]   [ Clear this form ]

Nicholas A. Bravo, Esq. (SBN 264299)
**THE BRAVO LAW FIRM, APC**
Mailing Address:
1050 W. Alameda Ave., Ste 499
Burbank, CA 91506
T: 424-262-1000
E: nicholas@nicholasbravo.com

Attorneys for Plaintiff,
MARJORIE RADLEY

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/09/2024 8:35 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## LOS ANGELES COUNTY – UNLIMITED CIVIL

| | |
|---|---|
| MARJORIE RADLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 24STCV16906<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY;**<br>2. **BREACH OF EXPRESS WARRANTY;**<br>3. **VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**<br><br>**[JURY TRIAL DEMANDED]** |

Comes now Plaintiff MARJORIE RADLEY ("Plaintiff"), an individual, whom alleges and complains as follows:

### THE PARTIES

1. Plaintiff is an individual, and as set forth herein, at the relevant times was located in the State of California.

2. Defendant JAGUAR LAND ROVER NORTH AMERICA, LLC ("Manufacturer"), is a Delaware limited liability company, doing business in the County of LOS ANGELES, California, and at all times relevant was and is engaged in the

1
**COMPLAINT FOR DAMAGES**

manufacture, sale, and distribution of **LAND ROVER RANGE ROVER** and related equipment.

3. JAGUAR LAND ROVER LOS ANGELES ("Dealer"), at all times relevant was and is engaged in the sale, and service/repair of **JLRNA VEHICLES** and related equipment.

4. The true names and capacities, whether individual, corporate, associate, representative or otherwise, of the DOE Defendants are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities once the same have been ascertained. Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the fictitiously named DOE Defendant is responsible in some manner, way, or form, and to some extent for acts, events, breaches and occurrences hereinafter alleged, and that Plaintiff's damages as hereinafter alleged were proximately caused by their conduct. Wherever appearing in this complaint, each and every reference to "Defendants" is intended and shall be a reference to all Defendants in this action, and each of them, including all fictitiously named DOE defendants.

## BACKGROUND FACTS APPLICABLE TO ALL CAUSES OF ACTION

5. On or before February 20, 2021, defendant Manufacturer and DOES 1 through 50 inclusive, manufactured and/or distributed into the stream of commerce a **2017 LAND ROVER RANGE ROVER SPORT, VIN# XXX XXX 125208** (herein after referred to as the "Vehicle") for its eventual sale/lease in the State of California, complete with Manufacturer issued warranties, both written and implied and/or statutory.

6. On or about February 20, 2021, Plaintiff acquired the Subject Vehicle from licensed California dealer of automobiles ("Dealer") and, on information and belief, an authorized dealer of GM/GMC vehicles.

2
**COMPLAINT FOR DAMAGES**

7. The subject Vehicle was/is a "new motor vehicle" under the Song-Beverly Warranty Act and/or Civil Code section 1793.22(e)(2), and/or is a "certified pre-owned" vehicle.

8. On information and belief, it is herein alleged that Manufacturer and/or Dealer issued written warranties and other express and implied warranties for the Vehicle including, but not limited to, warranties that the Vehicle and its components would be free from all defects in material and workmanship; that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle would be fit for the ordinary purposes for which it was intended; that the Vehicle would conform to the promises and affirmations of fact made; that Defendants, and each of them, would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was free from any defects in material and workmanship; that Defendants, and each of them, would maintain the utility of the Vehicle for 4 years/50,000 miles and 4 years/50,000 miles for powertrain, restraint defects, and would conform the Vehicle to the applicable express warranties; and/or an additional 2 year/100,000 mile certified used car warranty.

9. Plaintiff has duly performed all the conditions required of Plaintiff except insofar as the acts and/or omissions of the Defendants, and each of them, as alleged herein, prevented and/or excused such performance.

10. Since having taken possession of the Subject Vehicle, Plaintiff has presented the vehicle for warrantable non-conformities/defects substantially affecting the use, value and safety of the vehicle on either multiple occasions; or where the Vehicle was out of service by reason of repair for a cumulative total of more than 30 calendar days since delivery of the vehicle within the first 18 months or 18,000 miles entitling it to a presumption that a reasonable number of attempts has been made to conform the vehicle to the warranty (Civ. Code § 1793.22); or was not serviced or repaired so as to conform the vehicle to the applicable warranties within 30-days.

11. Repair Orders/Invoices/ and/or warrantable repair history are in the possession of Defendants.

12. Plaintiff has made a pre-litigation demand to Defendants to provide statutory restitution and rejection of the goods *and/or* Defendant Manufacturer has failed to perform its affirmative duty to "promptly" repurchase or replace Plaintiff's Vehicle and provide restitution to Plaintiff, without condition(s) and without arbitrary deduction of damages which are recoverable by law. *Krotin v. Porsche Cars North America, Inc.* (1995) 38 Cal.App.4th 294, 302-303. As a result, Plaintiff is entitled to a civil penalty.

13. Plaintiff seeks damages from Defendants, and each of them, as allowed by statute and/or for incidental, consequential, and actual damages including interest, costs, and actual attorneys' fees.

## FIRST CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### (Against all Defendants)

14. Plaintiff incorporates each of the preceding paragraphs as if though fully set forth herein.

15. The distribution of the Vehicle was accompanied by the Manufacturer and Dealer's implied warranty that the Vehicle was merchantable, pursuant to California law.

16. Furthermore, Defendants, and each of them, impliedly warranted, inter alia, that the Vehicle would pass without objection in the trade; that the Vehicle was fit for the ordinary purposes for which it was intended; that the Vehicle was adequately assembled; and/or that the Vehicle conformed to the promises or affirmations of fact made to Plaintiff.

17. As evidenced by the defects, malfunctions, misadjustments, and/or nonconformities alleged herein, the Vehicle was not merchantable because it did not have the quality that a buyer would reasonably expect, because it could not pass

without objection in the trade; because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiff.

18. Upon discovery of the Vehicle's nonconformities, Plaintiff took reasonable steps to notify Defendants, and each of them, within a reasonable time that the Vehicle did not have the quality that a buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming Vehicle.

19. Plaintiff has previously, and hereby does give written notice and justifiably revokes acceptance of the nonconforming Vehicle under the Commercial Code sections 2607 and 2608. Plaintiff further demands that the Manufacturer cancel the sale, take back the nonconforming Vehicle, refund all the money expended, and/or pay the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted, and/or pay damages under the Commercial Code sections 2711, 2714, and 2715. Defendants, and each of them, have, however, refused to comply.

20. Plaintiff hereby gives written notice and makes demand upon Manufacturer and Dealer for replacement or restitution, pursuant to Song-Beverly. Defendants, and each of them, knew of their obligations under Song-Beverly; however, despite Plaintiff's demand, Defendants and each of them, have intentionally failed and refused to make restitution or replacement pursuant to Song-Beverly.

21. As a result of the acts and/or omissions of the Defendants, and each of them, Plaintiff has sustained damage in the amount actually paid or payable, plus prejudgment interest thereon at the legal rate.

22. As a further result of the actions of Defendants, and each of them, Plaintiff has sustained incidental and consequential damages in an amount yet to be determined, plus interest thereon at the legal rate.

23. As a further result of the actions of Defendants, and each of them, Plaintiff has sustained damages equal to the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted.

24. As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to other remedies, is entitled to the recovery of her attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

25. The failure of Defendants, and each of them, comply with its statutory obligations and/or to refund the price paid and payable or to replace the Vehicle was intentional and, to the extent allowed by law, justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages.

## SECOND CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

### (Against all Defendants)

26. Plaintiff incorporates each of the preceding paragraphs as if though fully set forth herein.

27. The Vehicle had defects, malfunctions, misadjustments, and/or nonconformities covered by the warranty(ies) that substantially impaired its value, use, or safety to Plaintiff.

28. Plaintiff delivered the Vehicle to Manufacturer or its authorized repair facilities Defendants, and each of them, failed to service or repair the Vehicle to match the written warranty after a reasonable number of opportunities to do so.

29. The acts and/or omissions of Defendants, and each of them, in failing to perform the proper repairs, part replacements, and/or adjustments, to conform the Vehicle to the applicable express warranties constitute a breach of the express warranties that the Manufacturer provided to Plaintiff, thereby breaching Defendants' obligations under the written warranty.

30. Defendants, and each of them, failed to perform the necessary repairs and/or service in good and workmanlike manner. The actions taken by Defendants, and each of them, were insufficient to make the Subject Vehicle conform to the express warranties and/or proper operational characteristics of like Vehicles, all in violation of Defendants' obligations under the written warranty as well as, including but not limited to, under the Song-Beverly Warranty Act.

31. Plaintiff hereby gives written notice and makes demand upon Manufacturer and Dealer for replacement or restitution. Defendants, and each of them, knowing their obligations, and despite Plaintiff's demand, failed and refused to make restitution or replacement. The failure of Defendants, and each of them, comply with its statutory obligations and/or to refund the price paid and payable or to replace the Vehicle was intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages.

32. As a result of the acts and/or omissions of Defendants, and each of them, and pursuant to the provisions of the written warranty, Plaintiff is entitled to replacement of the Vehicle or restitution of the amount actually paid or payable, at Plaintiff's election, plus prejudgment interest thereon at the legal rate.

33. Additionally, as a result of the acts and/or omissions of Defendants, and each of them, Plaintiff has sustained and is entitled to consequential and incidental damages in amounts yet to be determined, plus interest thereon at the legal rate.

34. As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Plaintiff, in addition to other remedies, is entitled to the recovery of her attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

35. The failure of Defendants, and each of them, comply with its statutory obligations and/or to refund the price paid and payable or to replace the Vehicle was

intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages.

### THIRD CAUSE OF ACTION

### BREACH OF THE SONG-BEVERLY WARRANTY ACT

### (Against all Defendants)

36. Plaintiff incorporates each of the preceding paragraphs as if though fully set forth herein.

37. The Vehicle had defects, malfunctions, misadjustments, and/or nonconformities covered by the warranty(ies) that substantially impaired its value, use, or safety to Plaintiff.

38. Since having taken possession of the Subject Vehicle, Plaintiff has presented the vehicle for warrantable non-conformities/defects substantially affecting the use, value and safety of the vehicle on either multiple occasions; or where the Vehicle was out of service by reason of repair for a cumulative total of more than 30 calendar days since delivery of the vehicle within the first 18 months or 18,000 miles entitling it to a presumption that a reasonable number of attempts has been made to conform the vehicle to the warranty (Civ. Code § 1793.22); or was not serviced or repaired so as to conform the vehicle to the applicable warranties within 30-days.

39. The acts and/or omissions of Defendants, and each of them, in failing to perform the proper repairs, part replacements, and/or adjustments, to conform the Vehicle to the applicable express warranties constitute a breach of the express warranties that the Manufacturer provided to Plaintiff, thereby breaching Defendants' obligations under Song-Beverly.

40. Defendants, and each of them, failed to perform the necessary repairs and/or service in good and workmanlike manner. The actions taken by Defendants, and each of them, were insufficient to make the Subject Vehicle conform to the express warranties and/or proper operational characteristics of like Vehicles, all in violation of

8
**COMPLAINT FOR DAMAGES**

Defendants' obligations including but not limited to under the Song-Beverly Warranty Act.

41. Plaintiff hereby gives written notice and makes demand upon Manufacturer and Dealer for replacement or restitution, pursuant to Song-Beverly. Defendants, and each of them, knowing their obligations under Song-Beverly, and despite Plaintiff's demand, failed and refused to make restitution or replacement according to the mandates of Song-Beverly. The failure of Defendants, and each of them, comply with its statutory obligations and/or to refund the price paid and payable or to replace the Vehicle was intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages.

42. As a result of the acts and/or omissions of Defendants, and each of them, and pursuant to the provisions of the Song-Beverly, Plaintiff is entitled to replacement of the Vehicle or restitution of the amount actually paid or payable, at Plaintiff's election, plus prejudgment interest thereon at the legal rate.

43. Additionally, as a result of the acts and/or omissions of Defendants, and each of them, and pursuant to Song-Beverly, Plaintiff has sustained and is entitled to consequential and incidental damages in amounts yet to be determined, plus interest thereon at the legal rate.

44. As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to other remedies, is entitled to the recovery of her attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

45. The failure of Defendants, and each of them, comply with its statutory obligations and/or to refund the price paid and payable or to replace the Vehicle was intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages.

**PRAYER FOR RELIEF**

    **WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows, on all causes of action:

**FOR THE FIRST AND SECOND AND THIRD CAUSES OF ACTION**

1. For replacement or restitution, at Plaintiff's election, according to proof;
2. For incidental damages, according to proof;
3. For consequential damages, according to proof;
4. For a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages;
5. For actual attorney's fees, reasonably incurred;
6. For costs of suit and expenses, according to proof;
7. For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;
8. For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;
9. For pre-judgment interest at the legal rate for all liquidated sums;
10. Such other relief the Court deems appropriate.

Dated: July 9, 2024    **THE BRAVO LAW FIRM, APC**

BY:_____
NICHOLAS BRAVO, Esq.
*Attorneys for Plaintiff,* MARJORIE RADLEY



# Superior Court of California, County of Los Angeles

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

## What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

## Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

    a. **The Civil Mediation Vendor Resource List**
       If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
  (213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
  (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

    b. **Los Angeles County Dispute Resolution Programs.** Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
https://dcba.lacounty.gov/countywidedrp/

       **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case. https://my.lacourt.org/odr/

    c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit
https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/09/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: Y. Ayala, Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>24STCV16906 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Timothy Patrick Dillon | 73 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 07/09/2024    By Y. Ayala, Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06